NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YESENIA GANTE CORNEJO; FIDEL MENDOZA GANTE; RAMON MENDOZA GANTE; YESENIA MENDOZA GANTE, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-2685 <br><br> Agency Nos. <br> A209-763-040 <br> A209-763-041 <br> A209-763-042 <br> A209-763-043 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2025**
Pasadena, California

Before: GILMAN***, M. SMITH, and VANDYKE, Circuit Judges.

Yesenia Gante Cornejo and her three children, natives and citizens of Mexico,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

petition for review of a decision by the Board of Immigration Appeals (BIA) affirming a ruling by an Immigration Judge (IJ) that denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Gante Cornejo's minor children are derivative beneficiaries of her petition for asylum. Only Gante Cornejo seeks review of the adverse decision regarding withholding of removal and CAT relief. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

1. Substantial evidence supports the BIA's denial of Gante Cornejo's claims for asylum and withholding of removal, which is the appropriate standard of review for factual determinations. *See Rodriguez Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021). The BIA reasonably determined that Gante Cornejo had failed to establish a nexus between her alleged persecution and a protected ground. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021) (holding that an applicant "must demonstrate a nexus between her past or feared harm and a protected ground").

Gante Cornejo alleges that she was persecuted on account of her membership in various social groups: "Mexican nationals who refuse to cooperate with organized crime," "Mexican nationals who refuse to cooperate with guerrilla organizations, namely, 'Los Ardillos,'" and "immediate family members of Fidel Mendoza Montiel." She also claims that she is a "Mexican national[] who hold[s an] anti-

gang/anti-guerilla political opinion[] or imputed political opinion[]." The BIA assumed, without deciding, that these are protected characteristics for the purposes of a nexus finding, but it appropriately determined that the assailants were motivated solely by a desire for personal gain or gain on behalf of a criminal enterprise, so no nexus existed between her alleged persecution and a protected characteristic.

Gante Cornejo points to nothing in the record that would compel a conclusion that there was a nexus between her alleged persecution and her membership in a protected group. She instead argues that she would not have been persecuted if she had not resisted and refused to comply with the extortion demands of the guerilla organizations. But the only compliance that the guerilla organizations sought was money paid to them. Gante Cornejo's husband, who was kidnapped by one of these organizations, was released once the organization received a ransom payment. This supports the BIA's conclusion that money was the only motivating factor. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) ("Where the record indicates that the persecutor's actual motivation for threatening a person is to extort money from a third person, the record does not compel finding that the persecutor threatened the target because of a protected characteristic such as family relation.").

Accordingly, Gante Cornejo did not establish eligibility for asylum or withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(i) ("The burden of proof is

on the applicant to establish that the applicant is a refugee."); *see also Rodriguez-Zuniga*, 69 F.4th at 1016 ("For both asylum and withholding claims, a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm.").

2.  Substantial evidence also supports the BIA's denial of CAT relief, where it found that Gante Cornejo had failed to establish that returning to Mexico would more likely than not cause her to experience harm rising to the level of torture. Moreover, a country-conditions report regarding the "lawlessness" in Mexico and "the government's inability to control crime in Mexico" is insufficient evidence that she individually would be tortured. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022) (holding that generalized evidence of violence and crime is insufficient to prove that a petitioner would face a particularized risk of future torture).

**PETITION DENIED.**